Hall, Judge.
 

 — I am willing to give to this decree all the obligatory force, which is attached to it in South* Carolina ; and/there, it is binding upon the parties, while it remains in force; but it is not unalterable; I suppose it may be reversed there, in whole or in part, by bill of review, either for error in law, or for matter of fact, properly brought before the Court. It cannot be more obligatory here than it is there. If it could be reversed there, and the cause of reversal is apparent to this Court, where the execution is prayed for, that cause of reversal may be examined, as if it was reheard upon a bill of review. This Court.has no other way of coming at it; however I give no opinion on this part of the case, because 1 concur In the principles, upon which the decree is based. I think the contract between
 
 Micajah Picket
 
 &
 
 Kezanah
 
 his wife, in the year 1805, was founded on a good, and meritorious consideration. That in point of obligation, it is more than equal to settlements, made after marriage; because in this case a compensation for the injury be had done her, the continuation of which was contemplated for the rest of his life, viz. in withdrawing his protection from her, and withholding from her any thing like a suitable support, formed a consideration in addition to that upon which such settlements are supported. The settlement upon the children was also founded on a meritorious consideration, and the more to be enhanced, as it announced that a father’s care was about to be withdrawn from them also,
 

 
 *130
 
 The decree in part has been executed in South-Caro'-lina, and it remains id be executed in this State; .and the Plaintiffs are entitled to a decree for that purpose. But what property shall bd liable to to that decree, is made a question. It is admitted, that the Buncombe lands are liable, as well as other property which belonged to the testator, undisposed of at his death.
 

 I think it equitable, that any donations made by
 
 Picket
 
 to the Plaintiffs, after the date of the contract, should be brought into the actount.
 

 It is contended, that the lands in Rutherford ton are not liable. These lands were conveyed in the year
 
 1817,
 
 to the illegitimate children of
 
 Micajah Picket,
 
 but not upon a valuable consideration. The conveyance was voluntary, and I am inclined to think they are liable. It is held, in
 
 Taylor
 
 v.
 
 Jones
 
 (2
 
 Atkyns
 
 600) that a settlement on a wife and children after marriage, is a valuable consideration as to the husband, and even against a a voluntary conveyance. If a voluntary conveyance is made, and there is a defect in it, so that it cannot operate at law, equity’Will not decree an execution ofitj but if it is intended as a provision for younger children, the rule is different.
 
 (Allen
 
 v.
 
 Arme,
 
 1
 
 Vent. 365. Coleman
 
 v.
 
 Sarel,
 
 1 Ves. jr.
 
 54
 
 — Ibid. 3
 
 Bro. 14
 
 — Cases
 
 in Equity ab. 24
 
 — Bacon’s
 
 Abr. Agreement. B.
 
 2).
 

 From tfiese authorities, it would seem that the lands in Rutherford are liable to the Complainants’ demand. But if the Defendants have enhanced their value by la-bour, that additional value should be brought into the account. On these different points, a reference should he made to the Master.
 

 Henderson, Judge.
 

 — I mean not at present, fo express an opinion upon the conclusiveness of the decree of the Court of South-Carolina, upon matters within its jurisdiction ; but I am inclined to believe, that it stands before us as upon a bill of review, liable to be reversed
 
 *131
 
 for error in law apparent upon its factor to be impugned by facts since discovered. Greater sanctity cannot be claimed for it here# than is givers it in the State where it is made, and there, I presume it may be reviewed, and reversed for errror. And if it cannot be resisted here# when attempted to be enforced by bill, our Courts would be open to enforce the decrees of other States, and shut to an examination of their errors | for we cannot bring them before us by bill of review. This is in accordance with the Constitution of the United States, and the act of Congress j it is giving the decree the same faith and credit here, that it has in the State where it was made.
 
 (Baker
 
 &
 
 Child,
 
 2
 
 Vern.
 
 227.
 
 West
 
 v
 
 Skip,
 
 1
 
 Ves. sen.
 
 245.) But whatever may be the effect of the decree, op judgment of a Court, either of our own or another State, upon a matter within its jurisdiction, it is clear, that upon a matter without it, the decree of judgment is a nullity every where j for all the faith attached to them, arises from the fact, that the Court is authorised and appointed %
 
 law
 
 to act upon the subject.
 

 I think, that part of this decree was given upon a matter within the jurisdiction of the Court, and part upon a matter without it.' It was competent to the Court to set up the contract between
 
 Picket
 
 and his wife, to order its payment by the executor and legatees of
 
 Picket,
 
 out of the assets of the estate, wherever situated, and to remove every obstruction to the process of the Court, issued for the satisfaction of the decree. These Defend-' ants, as legatees of
 
 Picket,
 
 are affected by the decree and it is evidence against them, so far as they claim any thing under the will. But as donees, or grantees of the Butherford lands, I think that the decree affects them not; for with great respect and deference for the distinguished gentleman who pronounced it, I think the Court had no jurisdiction. For although it is admitted, that the Court, having the power to make a decree, has, as incidental thereto# the power of making that decree
 
 *132
 
 effectual, and may, by virtue of that incidental power,’ remove every obstruction to the process of the Court,' in carrying It into execution; yet this incidental power can be carried no higher than the source from which it arises — the right to enforce the decree. If therefore, the obstruction did not, in fact, impede the process of the Court, the Court bad no right to interfere with it, or pass upon it. It is the fact of obstruction, which gives rise to the power of removal. In this case, the obstruction arose from the locality of the lands, and not from the claim of the Defendants. Therefore, all that was said or done, in regard to the Defendant’s title, and every thing else in relation to them, as donees or grantees of these lands, is a perfect nullity. But to expedite the business, the Clerk and Master will take an account of all payments, advancements or donations, madebyPic-
 
 ket
 
 to the Complainants, or either of them, since the deeds of 1805. He will also take an account of the value of the labor and services of the Defendants, the illegitimate children, which came to the use of Picket, deducting the expenses of rearing them for as they are deprived of the charities of children, they are entitled to the rights of strangers. He will also take an account of the consideration paid, or given upon the deed of 1816, and report to the next Court. The Sheriff of Buncombe will sell the Buncombe lands, upon the premises, upon a credit of one, two or three years, giving forty-one days notice at the Court-house, and five other public places^ and report to our next Court.